UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHELLE J.,

                Plaintiff,

v.                                                        CASE # 20-cv-01834

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC        JEANNE E. MURRAY, ESQ.
  Counsel for Plaintiff                                KENNETH R. HILLER, ESQ.
600 North Bailey Ave                                 REBECCA M. KUJAWA, ESQ.
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                  SIXTINA FERNANDEZ, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **GRANTED**, the defendant's motion for judgment on the administrative record is **DENIED,** and the decision of the Commissioner is **REMANDED**.

**I.      RELEVANT BACKGROUND**

    **A.      Factual Background**

Plaintiff was born on May 13, 1982 and has at least a high school education. (Tr. 234, 239). Plaintiff alleged disability based on spondylosis, asthma, osteoarthritis, fibromyalgia, depression, attention deficit disorder (ADD), posttraumatic stress disorder (PTSD), cervical radius, and esophagitis. (Tr. 238).

    **B.      Procedural History**

On April 26, 2018, plaintiff protectively applied for a period of Supplemental Security Income Benefits under Title XVI of the Social Security Act. (Tr. 12, 215). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On January 23, 2020, plaintiff appeared before ALJ Asad M. Ba-Yunus. (Tr. 33-80). On March 3, 2020, ALJ Ba-Yunus issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 9-25). On October 19, 2020, the Appeals Council denied plaintiff's request for review. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

    **C.      The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful during since April 26, 2018, the application date (20 CFR 416.971 *et. seq.*).

2. The claimant has the following severe impairments: arthritis, asthma, cervical spondylosis, degenerative changes in the lumbar spine, fibromyalgia, osteoarthritis, post-concussive syndrome, attention deficit hyperactivity disorder, bipolar disorder, major depressive disorder, and posttraumatic stress disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except: claimant can occasionally climb stairs and ramps, but can never climb ladders, ropes, or scaffolds; claimant can occasionally balance, stoop, kneel, crouch, and crawl; claimant must avoid pulmonary irritants in the workplace; claimant may occasionally be exposed to vibrations; claimant can perform unskilled, simple, routine tasks; claimant can frequently interact with supervisors, but can only occasionally interact with coworkers and the general public; and claimant can occasionally tolerate changes in the routine work setting.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on May 13, 1982, and was 35 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 FCR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 26, 2018, the date the application was filed (20 CFR 416.920(g)).

(Tr. 9-25).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff argues the ALJ's RFC finding was inconsistent with the medical opinion evidence. She also argues the ALJ improperly considered the opinion evidence, improperly dismissed her subjective complaints, and failed to reconcile the RFC with favorable opinions of the consultative examiners. (Dkt. No. 11 [Plaintiff's Mem. of Law]).

### B.     Defendant's Arguments

In response, defendant asserts the ALJ considered the totality of the evidence in assessing plaintiff's RFC and properly evaluated her pain related to fibromyalgia. (Dkt. No. 12 at 9, 23

[Defendant's Mem. of Law]). Defendant also argues the plaintiff failed to demonstrate the RFC should be more restrictive than determined by the ALJ. (*Id*. at 16).

### III.  RELEVANT LEGAL STANDARD

#### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an

analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV. ANALYSIS

Under 20 C.F.R. § 416.920c, the ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative findings. *See* 20 C.F.R. § 416.920c(a)-(c). The regulatory factors are: (1) supportability, (2) consistency, (3) relationship

with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors. *Id*. § 416.920c(c). An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion but need not expound on the remaining three. *Id*. § 416.920c(b). While the RFC finding need not track any medical opinion, an ALJ still must construct an accurate and logical bridge between his recitation of the facts and the conclusions he reached. *Smith v. Comm'r of Soc. Sec*., No. 19-CV-6194-LJV, 2020 WL 4904956, at *3 (W.D.N.Y. Aug. 19, 2020) (remanding where medical opinion found plaintiff was "moderately to markedly limited in standing, walking, lifting, or carrying,...but the ALJ did not explain how that led him to conclude that [plaintiff] could lift [and] carry...ten pounds frequently and twenty pounds occasionally, let alone occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl." (citations & internal quotation marks omitted)). Here, the ALJ addressed the medical opinion evidence but there are inconsistencies between his analysis and the RFC findings which warrants remand.

  On July 6, 2018, plaintiff underwent an internal examination with consultative examiner Despina Isihos, D.O. who opined plaintiff should avoid smoke, dust, and other respiratory irritants and heights and ladders. (Tr. 723, 727). Dr. Isihos indicated moderate restrictions for squatting and kneeling, prolonged ambulation, prolonged standing, pushing, pulling, and repetitive rotary movements of the neck and a marked restriction for heavy lifting and carrying. (Tr. 727). The ALJ found Dr. Isihos's opinion to be generally somewhat persuasive but did not include any neck limitations in the RFC. (Tr. 17). This record contains other findings related to the neck including the following: limited range of motion (Tr. 623, 666, 725, 1112, 1352); CT imaging demonstrating reversal of the normal lordotic curvature with kyphotic apex at C5 and multilevel hypertrophic spondylosis, most pronounced at C5-C6 (Tr. 622); x-ray imaging of cervical lordosis and mild

discogenic disease at C5-6 (Tr. 483); repeated complaints over time of neck pain with radiation (Tr. 623, 907); cervical tenderness with spasms (Tr. 1112, 1352); and MRI evidence of severe bilateral foraminal narrowing at C6-7. (Tr. 667, 673). Notably, the ALJ also found cervical spondylosis as a severe impairment. (Tr. 14).

Despite Dr. Isihos's opinion of moderate limitations in plaintiff's ability to perform repetitive movements with her neck and the significant amount of both objective and subjective evidence to support the limitations, the ALJ did not include any corresponding limitations. (Tr. 17). The ALJ's failure to reconcile the RFC with the opinion he found somewhat persuasive frustrates meaningful review and remand is warranted. *See Holstrom v. Comm'r of Soc. Sec.*, 2020 WL 3989349, at *5 (W.D.N.Y. July 15, 2020) (citing *Holder v. Saul*, 2020 WL 1465863, *3 (W.D.N.Y. Mar. 26, 2020) ("[w]ithout a proper explanation as to why the ALJ decided to adopt certain portions of the opinions to which he assigned 'significant weight' and reject other parts, the ALJ's RFC determination ... is not supported by substantial evidence"). The error is not harmless as the Dictionary of Occupational Titles does not provide specific information regarding the nature of neck movements. *See* DOT 209.587-010, 1991 WL 671797 (addressor); DOT 713.687-018, 1991 WL 679271 (final assembler); DOT 249.587-018, 1991 WL 672349 (document preparer). The vocational expert was not asked to determine if the jobs identified at the hearing could be performed with neck limitations.

Similarly, the ALJ found the opinions of Drs. Farmer and D'Ortona to be somewhat persuasive but did not explain why portions favorable to the plaintiff were not discussed. (Tr. 21). Dr. Farmer opined that plaintiff has a moderate limitation with interacting adequately with supervisors, co-workers, and the public. (Tr. 721). Dr. D'Ortona also opined that plaintiff is moderately limited in her ability to accept instructions and respond appropriately to criticism from

supervisors and her ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. 92). Dr. Farmer did not make any distinctions between interactions with supervisors, coworkers, and the public but the ALJ made a distinction in the RFC that plaintiff can frequently interact with supervisors, but only occasionally interact with coworkers and the general public. (Tr. 17, 721). If an ALJ wants to assess different levels of interactions for different groups of people, such differences in the RFC must be properly explained. *See Luke H. v. Saul*, 2020 WL 4346789, at *4 (N.D.N.Y. July 28, 2020) (RFC is not supported without explaining differences in the RFC between interacting with co-workers, supervisors, and the public). The ALJ in this case engaged in no discussion for why he found different levels of interaction. This is again not harmless as the DOT does not break down the interaction with supervisors and coworkers. *See* DOT 209.587-010, 1991 WL 671797 (addressor); DOT 713.687-018, 1991 WL 679271 (final assembler); DOT 249.587-018, 1991 WL 672349 (document preparer). As such, there is no way to know if the ALJ's failure to further limit plaintiff's interaction with supervisors, coworkers, or the public was harmless error without presenting such further limitations to a vocational expert.

For those reasons, remand is necessary so that the ALJ can fully comply with the requirements in section 416.920c and meaningfully evaluate the opinion evidence in light of the medical record. The Court will not reach the remaining issues raised by plaintiff because they may be affected by the ALJ's treatment of this case on remand. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020) ("However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues.") (citations omitted).

**ACCORDINGLY**, it is

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: December 8, 2022  *J. Gregory Wehrman*
Rochester, New York  HON. J. Gregory Wehrman
United States Magistrate Judge